OPINION OF THE COURT
Frank A. Sedita, Jr., J.
Defendant on this motion seeks dismissal of the plaintiff’s complaint which claims a violation of section 740 of the Labor Law.
Essentially the plaintiff asserts that she was fired because she refused to agree that she had falsified the medical records of a certain patient and/or not called the patient. She claims someone other than herself was responsible for these actions and refused to accept the blame. We have found no case in point on this issue.
*12 The clear thrust of section 740 of the Labor Law is to afford protection to “whistle blowers” who take action against a practice or policy which is perceived to be a danger or potential danger to the general public. (See, Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 30, Labor Law § 740, at 546-547.)
Assuming, for purposes of this motion, that the plaintiffs assertions as to what transpired are correct, we have a controversy over who was to blame for some intentional or negligent error and an effort to obtain plaintiffs acceptance of responsibility in a particular case. While defendant’s conduct may have been improper, we fail to see where this firing came about as a result of a refusal to cooperate in a rule or policy which was dangerous to the general health or safety. All that is alleged is that in one particular case she refused to comply with suggestions or directions of her superiors as to assumption of responsibility for certain alleged mistakes in that case.
If true, the allegations against this employer are not to be condoned. However, the real issue is whether the conduct alleged (by itself) rises to the level of that type of activity sought to be protected by the Legislature in enacting this law. We think not.
This law does not seek to provide a remedy for every unfair discharge of an employee. This law seeks to protect an employee who tries to protect the public despite personal risk. This case arose not out of an effort to protect the public, but out of an effort to protect plaintiffs own nursing license and reputation (perhaps rightfully so). But, the rightness (if any) of plaintiffs cause does not translate into a remedy under this particular statute.
Accordingly, this motion is granted, without prejudice to whatever other rights and remedies this plaintiff may have under other areas of law.